# MARKO CHAPKO v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

## October 12, 1917.

## No. 20,474.

**Damages — not excessive.**

Action for personal injury. Verdict for $11,500. *Held*: While the evidence, mostly from expert medical witnesses, and based largely upon X-ray photographs, was flatly contradictory, if true, it presented a question for the jury and fully supported the verdict. [Reporter.]

Action in the district court for Ramsey county to recover $22,000 for injuries received while in defendant's employ. The answer alleged the injuries were caused by the negligence of plaintiff. The case was tried before

[1]Reported in 164 N. W. 366.

Hanft, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $11,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Barrows & Stewart*, for appellant.

*Douglas, Kennedy & Kennedy*, for respondent.

PER CURIAM.

This action was brought to recover for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict and defendant appealed from an order denying its alternative motion for judgment or a new trial.

Two contentions are made in support of the appeal: (1) That the court erred in its charge to the jury; and (2) that the damages are excessive. No useful purpose would be served by a discussion of the facts.

We find no sufficient merit in either contention to justify a reversal. The point in reference to the claim of error in the charge is that the court thereby submitted to the jury a ground of negligence which the evidence wholly failed to sustain. We find from the record that the particular fact, claimed to have been erroneously submitted to the jury, was to some extent supported by evidence, and therefore a proper matter for the consideration of the jury upon the issues presented, though perhaps not sufficient to establish a negligent act. And even though the charge may be said to have been technical error, in the particular form given, we are clear that no prejudice resulted therefrom. In respect to the question of damages we can only say that, though the amount awarded seems large, yet the evidence presented by plaintiff, if true, amply supports the same. The testimony as to the nature and character of plaintiff's injury was mostly from expert medical witnesses, based largely upon X-ray photographs, and is flatly contradictory; presenting a question for the jury. We find from the record no basis for interference.

Order affirmed.